**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Morgan MEEKS, Defendant–Appellant.**

**No. 13–36023.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 31, 2015.

Filed Sept. 22, 2015.

Paulette Lynn Stewart, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

David F. Ness, Assistant Federal Public Defender, Edgefield, SC, for Defendant–Appellant.

John Morgan Meeks, Great Falls, MT, pro se.

Before: GOODWIN, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM *

Petitioner John Meeks appeals the dismissal of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court held that his motion did not qualify as a petition under 28 U.S.C. § 2241, and dismissed it as an unauthorized second or successive § 2255

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3..

**336**

motion. We have appellate jurisdiction under 28 U.S.C. § 1291.

The district court had jurisdiction to determine "the threshold question whether [Meeks's] petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion." *Muth v. Fondren,* 676 F.3d 815, 818 (9th Cir.2012); *see also Hernandez v. Campbell,* 204 F.3d 861, 865–66 (9th Cir.2000). We may consider the district court's determination that a § 2241 petition is not available even though the district court is not the custodial court. *See Muth,* 676 F.3d at 819.

The district court did not err when it concluded that Meeks failed to satisfy the requirement of the § 2255(e) escape hatch because Meeks has not plausibly shown that he was actually innocent of the career offender sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Even if it is possible for a petitioner to "be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch," *Marrero v. Ives,* 682 F.3d 1190, 1193 (9th Cir.2012), Meeks has not made any showing that he is statutorily ineligible (and therefore actually innocent) of his sentence in light of *Descamps v. United States,* — U.S. —, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

**PETITION DISMISSED.**